## Shlit Estate

*Sidney Baker,* for petitioner.
*John D. Houston, II,* for respondent.

McKENNA, Adm. J., August 30, 1976 — The question herein involves the distribution of assets of decedent following his widow's election to take against conveyances under section 6111 of the Probate, Estates and Fiduciaries Code (PEF), 20 Pa. C.S. §6111. This permits a surviving spouse to share in conveyances made by decedent in his lifetime where he retained a power of appointment by will or a power of revocation or consumption of the principal. The spouse is entitled to one-half of the value of such conveyances when decedent left no issue. This is the situation in the case at bar.

The election to take against conveyances was filed by decedent's widow on December 30, 1975, and thereafter there was presented to the court by the grantee of certain conveyances, Ester Sherman, an answer and new matter. Mrs. Shlit filed a reply to the new matter. A hearing was held on May 13, 1976.

Meyer Shlit died intestate on May 7, 1975, in Pittsburgh, Pa., survived by his spouse, Zelda Shlit and the following heirs-at-law who are decedent's first cousins: Ester Sherman, Mrs. Morris Fuchs, Mrs. Elka Glater and Mrs. Bela Lieberman. Letters of administration were granted to decedent's spouse on July 29, 1975, by the Register of Wills of Allegheny County, Pa.

Prior to his death, decedent had established certain trust accounts for his widow and for his cousin, Ester Sherman. These are as follows:

A. Meyer Shlit, i.t.f. Ester Sherman, in Franklin Federal Savings and Loan Association, established August 3, 1971, in the sum of $6,000.

B. Meyer Shlit, i.t.f. Ester Sherman, in Franklin

Federal, established June 30, 1974, in the sum of $7,395.47.

C. Meyer Shlit, i.t.f. Zelda Shlit, in Franklin Federal, in the sum of $10,000, created December 1, 1970.

D. Meyer Shlit, i.t.f. Zelda Shlit, in Dollar Savings Bank, certificate of deposit in the sum of $10,000 purchased April 28, 1971.

E. Meyer Shlit, i.t.f. Zelda Shlit, certificate of deposit in Dollar Savings Bank, dated October 13, 1971 in the sum of $9,900.

On December 30, 1975, Zelda Shlit filed an election pursuant to section 6111 of the PEF Code, to take against the previously listed "in trust for" conveyances.

On April 20, 1976, Zelda Shlit petitioned this court to set a hearing to determine her rights in the accounts against which she filed an election. At the hearing, Zelda Shlit testified that she was decedent's surviving spouse, that decedent was survived by no children, and that she had elected to take against all conveyances as required by section 6111 of the code.

The question involved relates to the disposition of the trust accounts for Zelda. She asserts that she is entitled to one-half of these outright while the other one-half continues in trust for her. Ester Sherman's position is that one-half of said funds passes to Zelda and one-half to decedent's estate.

Ester will share in the estate but decedent left no assets other than the accounts described above.

The only assets with which we are concerned are those listed above. We will analyze these to determine the amount Zelda will receive if her position is adopted, and her share if Ester Sherman's theory is upheld.

The trust accounts are summarized as follows:

A. *Ester Sherman*

| | |
|---|---|
| Franklin—8/3/71 | $ 6,000.00 |
| Franklin—6/30/74 | $ 7,395.47 |
| | $13,395.47 |

B. *Zelda Shlit*

| | |
|---|---|
| Franklin—12/1/70 | $10,000.00 |
| Dollar Savings—4/28/71 | $10,000.00 |
| Dollar Savings—10/13/71 | $ 9,900.00 |
| | $29,900.00 |

If Zelda is correct she will receive $6,697.73 from the accounts in Ester's name and one-half of $29,900, or $14,950 from the accounts in her own name. She maintains that the other one-half of those accounts will be continued in trust for her. She will thus receive $6,697.73, plus $14,950 or $21,647.73 outright and $14,950 in trust, a total of $36,597.73; and $6,697.73 will be continued in trust for Ester.

Ester Sherman argues that Zelda is entitled to $6,697.73 from Ester's trust accounts, and one-half of $29,900 or $14,950 from the Zelda trust account. Then she departs from Zelda's reasoning and asserts that the balance of the funds in the Zelda trusts will pass to decedent's estate. Thus, Zelda will receive $21,647.73 plus her portion of the estate assets. Her share of the estate will be one-half of $14,950 less debts and expenses of the estate.

It is clear to us that Zelda is entitled only to the smaller of the two sums. An analysis of the statutory provisions on the subject makes this clear. Section 2508 of the PEF Code provides that the surviving spouse may elect to take against the will of decedent, and that if he or she does so, he or she must also elect

to take against conveyances described in section 6111. These are conveyances made by decedent in his lifetime over which he retained a power of appointment by will or a power of revocation or consumption of the principal. If the widow elects to take against such conveyances, she must also take against the will if decedent dies testate.

These provisions make it clear that a surviving spouse is entitled to share in a decedent's estate and in conveyances made by decedent during his lifetime if they qualify under section 6111. The spouse may not take against certain conveyances and refuse to take against others. The legislature has insured that the spouse will receive his share of a decedent's estate and the conveyances, but no more. It would be inequitable to permit the surviving spouse to take against conveyances and still accept the provisions of a will which makes him or her the sole beneficiary. The legislature stated in section 6111 that the conveyances described shall, at the election of his surviving spouse, be treated as testamentary dispositions so far as the surviving spouse is concerned.

If, instead of creating trusts for Zelda, testator had left a will in which he bequeathed to her $29,900, and Zelda had taken against the will she would have lost the bequest. The creation of the trust accounts in trust for Zelda resulted in conveyances under section 6111(a). She has taken against the conveyances and, therefore, she loses the benefits of the accounts except to the extent of the one-half interest to which she is entitled by virtue of her election. The other one-half of said accounts will pass to decedent's estate for distribution to his intestate heirs.

The parties have also raised the question of the distribution of interest earned on the accounts in

trust for Ester, after decedent's death. It is clear that the interest earned must be divided equally between the parties in the same manner as principal.

Our decision establishes the rights of the parties as of May 7, 1975, the date of decedent's death. After that time, the interest on Zelda's share will belong to her, and interest on Ester's share, will be her property.

It will be so ordered.